UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SCOTT GOLDSMITH,<br><br>　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>HBW RESOURCES, LLC<br><br>　　　　　　　　　　Defendant. | Docket No. 4:19-cv-1984<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Scott Goldsmith ("Goldsmith" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant HBW Resources, LLC ("HBW" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.　　This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a natural gas derrick in the Pennsylvania countryside, owned and registered by Goldsmith, a professional photographer. Accordingly, Goldsmith seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.　　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Texas and is registered with the Texas Department of State Division of Corporations.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Goldsmith is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 247 N. Harrison Avenue, Pittsburgh, PA 15202.

6. Upon information and belief, HBW is a domestic limited liability company organized and existing under the laws of the State of Texas, with a place of business at 2211 Norfolk Street, #610, Houston, Texas 77098. Upon information and belief, HBW is registered with the Texas State Department of Corporations to do business in Texas. At all times material hereto, HBW has owned and operated a website at the URL: www.HBWResources.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. Goldsmith photographed natural gas derrick in the Pennsylvania countryside (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Goldsmith then licensed the Photograph to the National Geographic. On October 23, 2010, the National Geographic ran an article that featured the Photograph titled *Natural Fas Stirs Hope and Fear in Pennsylvania.* See URL:

https://news.nationalgeographic.com/news/2010/10/101022-energy-marcellus-shale-gas-

overview/. Goldsmith's name was featured in a gutter credit identifying him as the photographer of the Photograph. A screenshot of the Photograph on the article is attached hereto as Exhibit B.

9. Goldsmith is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-147-721.

**B. Defendant's Infringing Activities**

11. HBW ran an article on the Website entitled *Top Fracking Stories and Events This Week*. See: http://hbwresources.com/top-fracking-stories-events-week/. The article featured the Photograph. A screenshot of the Photograph on the Website is attached hereto as Exhibit C.

12. HBW did not license the Photograph from Plaintiff for its article, nor did HBW have Plaintiff's permission or consent to publish the Photograph on its Website.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**</u>
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. HBW infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. HBW is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by HBW have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the National Geographic which contained a gutter credit underneath the Photograph stating, "Scott Goldsmith" and placed it on its Website without the gutter credit.

22. Upon information and belief, HBW intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of HBW violates 17 U.S.C. § 1202(b).

24. Upon information and belief, HBW's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by HBW intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. HBW also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of HBW as alleged herein, Plaintiff is entitled to recover from HBW the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by HBW because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from HBW statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant HBW be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant HBW be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 2, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Scott Goldsmith*